IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC DANE MITCHELL, #B88346, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18−cv−1026−JPG |
| | ) |
| WEXFORD CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Eric Mitchell, an inmate in Shawnee Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. In his Complaint, Plaintiff claims Wexford Corporation ("Wexford") has been deliberately indifferent to his serious medical issues in violation of the Eighth Amendment. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

1

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to dismiss the Complaint for failing to state a claim upon which relief can be granted.

### **The Complaint**

In his Complaint (Doc. 1), Plaintiff makes the following allegations: Wexford failed to provide adequate training for Nurse Carrol.[1] (Doc. 1, p. 5). This lack of training led to improper medical treatment by Nurse Carrol. *Id.* Nurse Carrol's actions "resulted in unnecessary pain and suffering." *Id.* Wexford "has a legal duty to provide adequate training to Nurse Carrol and all other medical staff." *Id.* Wexford's "failure to provide training is the [proximate] cause of Plaintiff['s] pain and suffering." *Id.* Because of Nurse Carrol's "lack of concern and medical experience," Plaintiff has and will have liver problems for the rest of his life. *Id.* His enzymes are "out of whack and frequent urinating occurs." *Id.* Plaintiff requests monetary damages. (Doc. 1, p. 8).

### **Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to designate a single count in this *pro se* action. The parties and the Court will use this designation in all future

---

[1] Plaintiff notes that he has an action pending in this Court against Nurse Carrol: No. 18-cv-566-JPG.

pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

  **Count 1 –**  Wexford showed deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment by failing to train Nurse Carrol.

Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

  As to Count 1, Wexford cannot be held liable merely because it employs a prison doctor or nurse who was allegedly deliberately indifferent to an inmate's medical condition. Rather, a corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). Further, Plaintiff "must demonstrate that the '*deliberate* action attributable to the [corporation] itself is the "moving force"' behind the deprivation of his constitutional rights." *Johnson v. Cook Cnty.*, 526 F. App'x 692, 695 (7th Cir. 2013) (citing *Bd. of the Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997) (citing *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658 (1978))). Notably, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 822-23 (1985) ("[A] 'policy' of 'inadequate training'" is "far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in *Monell*.")).

  Plaintiff's allegations are insufficient to support a viable claim against Wexford. Instead, they largely consist of unfounded legal conclusions that the lack of "adequate training" for Nurse

Carrol resulted in Plaintiff's pain and suffering. No plausible inference arises from these vague allegations that Wexford's failure to properly train Nurse Carrol was the moving force behind Plaintiff's allegedly improper medical treatment at her hands. Instead, Plaintiff appears to be asserting a *respondeat superior* claim against Wexford based on the actions of Nurse Carrol, which is not available under § 1983. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).

Accordingly, Wexford, along with Count 1, must be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## Pending Motions

Plaintiff has filed a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 4), which will be addressed in a separate order of this Court.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1**, **WEXFORD**, and the Complaint (Doc. 1) are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file a First Amended Complaint, stating any facts which may exist to support a cognizable § 1983 claim, within 28 days of the entry of this order (on or before **June 21, 2018**). Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g) because Plaintiff has thus far

failed to state a claim upon which relief may be granted in this case.

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.* 18-cv-1026-JPG). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, the defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. No service shall be ordered on any defendant until after the Court completes its § 1915A review of the First Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00[2] remains due and payable,

---

[2] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference

regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**
**DATED: May 24, 2018**

s/J. Phil Gilbert
United States District Judge

---

Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.