IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ERIC DANE MITCHELL, #B88346,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv−1026−JPG |
| | ) | |
| **WEXFORD CORPORATION,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Eric Mitchell, an inmate in Shawnee Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. In his First Amended Complaint, Plaintiff claims Wexford Corporation ("Wexford") has been deliberately indifferent to his serious medical issues in violation of the Eighth Amendment. (Doc. 8). This case is now before the Court for a preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b).

## The First Amended Complaint

In his First Amended Complaint (Doc. 8), Plaintiff claims that Wexford employed and trained various health care providers that were deliberately indifferent to a serious infection of Plaintiff's in late November 2017. (Doc. 8, pp. 5-6). Plaintiff believes "it is Wexford's job to

1

make a difference in life or death situations." (Doc. 8, p. 6).

**Discussion**

Based on the allegations of the First Amended Complaint, the Court finds it convenient to designate a single count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

> **Count 1 –** Wexford showed deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment by employing and training health care providers that were deliberately indifferent to a serious infection of Plaintiff's in late November 2017.

Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded.

As to Count 1, Wexford cannot be held liable merely because it employed and trained a health care provider who was allegedly deliberately indifferent to an inmate's medical condition. Rather, a corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Plaintiff does not allege that Wexford had any policies that affected his care. Instead, Plaintiff appears to be asserting a *respondeat superior* claim against Wexford based on the actions of its employees, which is not available under § 1983. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).

Wexford, along with Count 1, must be dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff will be given one more chance to amend his complaint to state a viable claim before this case is dismissed with prejudice.

**Pending Motions**

Plaintiff has filed a Motion to Appoint Counsel and for Copies (Doc. 13), which is

**DENIED** without prejudice. In the Motion, Plaintiff requests copies of his documents and discovery. Because this case has not yet proceeded to discovery, this request is premature. To the extent Plaintiff wants copies of documents already filed in this case, the District Clerk will mail paper copies of any document to a party only upon prepayment of the required fee. The Judicial Conference Schedule of Fees section (4) provides that a fee of $.50 per page shall apply for reproducing any record or paper.

To the extent Plaintiff requests counsel, there is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff claims that he sent letters to three law firms requesting counsel and that he has heard back from two denying his request. Assuming this satisfies the first step, concerning the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.* at 655.

From a legal standpoint, the litigation of any constitutional claim falls in the complex range. Even so, Plaintiff's petition adequately articulates what happened to him, and based on this ability, this Court concludes that Plaintiff appears to be competent to litigate his case on his own at this early stage. Future developments in this case may alter the Court's decision, but at this point, Plaintiff's motion for appointment of counsel will be **DENIED** without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1**, **WEXFORD**, and the First Amended

Complaint (Doc. 8) are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file a Second Amended Complaint, stating any facts which may exist to support a cognizable § 1983 claim, within 28 days of the entry of this order (on or before **October 12, 2018**). Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g) because Plaintiff has thus far failed to state a claim upon which relief may be granted in this case.

Should Plaintiff decide to file a Second Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "Second Amended Complaint," and he should use the case number for *this* action (*i.e.* 18-cv-1026-JPG). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, the defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the

4

original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. No service shall be ordered on any defendant until after the Court completes its § 1915A review of the Second Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable, regardless of whether Plaintiff elects to file a Second Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**
**DATED: September 14, 2018**

s/J. Phil Gilbert
United States District Judge