# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC DANE MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18−cv–1026−JPG |
| | ) |
| WEXFORD CORPORATION, | ) |
| CARROL AGULIER, | ) |
| ALFONSO, and | ) |
| R. BAINAIVERE | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Eric Dane Mitchell, formerly an inmate in Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Second Amended Complaint, Plaintiff alleges defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Second Amended Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

Upon careful review of the Second Amended Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Second Amended Complaint**

Plaintiff originally filed suit on April 27, 2018. (Doc. 1). On May 24, 2018, the Court dismissed the complaint for failure to state a claim. (Doc. 7). Plaintiff filed an amended complaint on June 8, 2018, (Doc. 8), which the Court once again dismissed for failure to state a claim on September 17, 2018. (Doc. 15). Plaintiff filed the Second Amended Complaint on October 9, 2018. (Doc. 16).

On November 21, 2017 Plaintiff reported to staff that he was coming down off drugs, had difficulty urinating, and that his urine was cloudy. (Doc. 16, p. 6). He requested a doctor or a nurse. *Id*. Plaintiff was placed in a cold crisis room, where he continued to complain about his condition. *Id*. Plaintiff began vomiting, but although Agulier told him that she would be right there, she ignored him for several hours. *Id*. Agulier collected a urine sample, but Plaintiff heard nothing further from her and spent the night in agonizing pain. *Id*. Plaintiff alleges that Agulier's refusal to take his condition seriously resulted in pain, suffering, and long-term damage. *Id*.

Plaintiff alleges that Dr. David Alfonso got his test results back the next day on November 22, 2017 but took no action and declined to see Plaintiff or prescribe antibiotics. (Doc. 16, p. 7). Plaintiff woke up in a cold sweat hallucinating on November 25, 2017. *Id*. Plaintiff saw R. Bainaivere, who told him he was fine and gave him an ibuprofen. *Id*. Plaintiff was transferred to Menard on November 29, 2017. *Id*.

**Discussion**

Based on the allegations in the Second Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following count:

> **Count 1:** Agulier, Alfonso, and Bainaivere were deliberately indifferent to Plaintiff's infection and/or drug withdrawal in violation of the Eighth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Second Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). To state a claim for deliberate indifference, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). 825, 837 (1994)). "Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

Plaintiff has adequately alleged that Defendants Agulier, Alfonso, and Bainaivere denied and/or delayed his treatment for withdrawal symptoms and a potential infection. His exhibits show that Menard Correctional Center provided antibiotics after further testing, suggesting that Plaintiff

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

suffered from a serious medical need and that the named Defendants could have provided treatment for that need. Accordingly, Count 1 shall proceed against Agulier, Alfonso, and Bainaivere.

However, Wexford Health Sources must be dismissed from this action without prejudice because Plaintiff has not included any allegations against them. The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Wexford will be dismissed from this action.

### Disposition

**IT IS HEREBY ORDERED** that Count 1 survives threshold review against Agulier, Alfonso, and Bainaivere. Wexford is **DISMISSED** from this action **without prejudice**.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Agulier, Alfonso, and Bainaivere: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms,

a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/11/2018**

s/J. Phil Gilbert
**U.S. District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendant(s) of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendant(s) will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendant(s)' Answer, but it is entirely possible that it will take 90 days or more. When all the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.