IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC DANE MITCHELL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-cv-1026-RJD |
| CARROLE AGULIER, ALFONSO DAVID, and R. BAINAIVERE, | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

**Background**

Plaintiff Eric Dane Mitchell filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Shawnee Correctional Center. Plaintiff is proceeding in this case on an Eighth Amendment deliberate indifference claim against Defendants Agulier, Alfonso, and Bainaivere related to his infection and/or drug withdrawal that occurred in November 2017.

On August 12, 2019, Defendants filed a motion to compel, asking that the Court compel Plaintiff to provide responses to written discovery requests served on Plaintiff on March 14, 2019 (Doc. 51). The Court granted Defendants' motion to compel (Doc. 52) and ordered Plaintiff to provide his responses by September 18, 2019. Plaintiff was warned that his failure to follow the order and provide discovery responses may result in the imposition of sanctions, including dismissal of this lawsuit. The Court's Order was returned as undeliverable (Doc. 53).

On September 19, 2019, Defendants filed a motion for sanctions and to dismiss for failure to prosecute (Doc. 54). In their motion, Defendants assert Plaintiff failed to provide responses to

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC DANE MITCHELL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-cv-1026-RJD |
| CARROLE AGULIER, ALFONSO DAVID, and R. BAINAIVERE, | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

**Background**

Plaintiff Eric Dane Mitchell filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Shawnee Correctional Center. Plaintiff is proceeding in this case on an Eighth Amendment deliberate indifference claim against Defendants Agulier, Alfonso, and Bainaivere related to his infection and/or drug withdrawal that occurred in November 2017.

On August 12, 2019, Defendants filed a motion to compel, asking that the Court compel Plaintiff to provide responses to written discovery requests served on Plaintiff on March 14, 2019 (Doc. 51). The Court granted Defendants' motion to compel (Doc. 52) and ordered Plaintiff to provide his responses by September 18, 2019. Plaintiff was warned that his failure to follow the order and provide discovery responses may result in the imposition of sanctions, including dismissal of this lawsuit. The Court's Order was returned as undeliverable (Doc. 53).

On September 19, 2019, Defendants filed a motion for sanctions and to dismiss for failure to prosecute (Doc. 54). In their motion, Defendants assert Plaintiff failed to provide responses to

their written discovery requests, despite being ordered by the Court to do so. Accordingly, Defendants ask that the Court dismiss the claims against them with prejudice under Federal Rule of Civil Procedure 37 or 41. Plaintiff has not responded to Defendants' motion.

## **Discussion**

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for failure to prosecute an action or to comply with court orders. Pursuant to Rule 41(b), an action may be dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (quoting *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (other citations omitted). Although there is no requirement of graduated sanctions prior to dismissal, the Court must provide an explicit warning before a case is dismissed. *Aura Lamp & Lighting Inc. v. International Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (citing *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993)). Dismissal is the most severe sanction that a court may apply; as such, its use must be tempered by a careful exercise of judicial discretion. *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983).

The Seventh Circuit has identified several factors a court should consider before entering an involuntary dismissal, including:

> the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents. *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003).

Dismissal is clearly warranted in this case under Rule 41(b). First, Plaintiff has disregarded this Court's Order and failed to provide discovery responses as ordered. Indeed,

Plaintiff has failed to provide discovery responses for approximately ten months. As such, Defendants have been unable to engage in discovery. Plaintiff also failed to respond to Defendants' motion seeking sanctions and dismissal. Further, Plaintiff has failed to provide the Court with an updated address, despite being warned of his continuing obligation to do so (*see* Doc. 19).

In light of the foregoing, the Court finds that Plaintiff has failed to prosecute this matter. The Court also finds that Plaintiff's conduct demonstrates a record of bad faith and delay. Plaintiff has not made any filings in this case since April 29, 2019, and has failed to respond to court orders, and provide written discovery responses. While the Court notes there may be lesser sanctions available, they would be unavailing as Plaintiff has clearly lost interest in litigating this case.

Accordingly, Defendants' Motion for Sanctions and to Dismiss for Failure to Prosecute (Doc. 54) is **GRANTED**. This case is **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: January 6, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**